### Jessie Frank Howard v. State

No. 32,383. November 9, 1960

Motion for Rehearing Overruled December 14, 1960

*Leonard E. Choate,* Beaumont, for appellant.

*Henry Wade,* Criminal District Attorney, *James K. Allen, Ben F. Ellis, Robert Power, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The conviction is for robbery by assault, with a prior conviction for an offense of like character alleged for enhancement; the punishment, life.

The witness Mrs. Noble testified that as she was preparing to close the grocery store where she was employed on the night in question appellant and another man entered the store and asked for bread, that she directed him to the proper counter, that he returned to the cash register where she was standing and pointed a pistol at her and demanded the money in the register. She stated that as soon as she handed over the money appellant instructed her to hand him a box from under the counter which contained a pistol belonging to the owner of the store and then marched her and her co-employee to the back of the store and directed them to remain in the store room. She later called her employer, and some two months thereafter identified appellant in a police lineup.

Police officers of the city of Houston testified that they went to a certain address in that city some two months after the Dallas robbery, and when appellant came out in the front yard they ac-

costed him and asked him who all was in the house; whereupon appellant gave his consent for them to enter the house and search the same. In a closet in a room which contained appellant's clothes and which he said was his, under a pillow, they found a pistol which was identified by the owner of the Dallas store as being the one taken from the box under the counter. They also found another pistol and a pair of glasses which were identified by Mrs. Noble as being similar to those worn and carried by appellant on the night of the robbery.

The prior conviction was established.

Appellant and his witness testified that appellant was in Houston on the night of the robbery. Appellant admitted the prior conviction alleged for enhancement, as well as a number of other convictions.

The jury resolved the issue of alibi against the appellant, and we find the evidence sufficient to support the conviction.

No formal bills of exception appear in the record; no brief has been filed, and we find no merit in the informal bills.

Finding no reversible error, the judgment of the trial court is affirmed.